[Argued Dec. 6, 1892; decided Jan. 9, 1893.]

## JOHN W. GAINES v. J. E. CYRUS ET AL.

[S. C. 31 Pac. Rep. 833.]

1. APPEALABLE ORDER— CODE, § 535.—An order dismissing an action against a party ceases to be appealable when the party dismissed, by permission of the court, and during the pending of the cause, again submits himself to the jurisdiction and files a new pleading.

2. PLEADING AND PRACTICE— FAILURE TO PLEAD— DEFAULT.—When an answer is not filed within the time limited, the proper practice is to apply to the trial court for a default or judgment for want of an answer.

Linn County:   REUBEN P. BOISE, Judge.

Plaintiff appeals.   Dismissed.

*George W. Wright,* and *H. H. Hewitt,* for Appellant.

*George E. Chamberlain,* for Respondents.

BEAN, J.—This is an appeal from Linn County, and comes here on the following state of facts:  The plaintiff duly commenced an action in the court below against the respondents herein and three other persons, on two joint and several promissory notes for five hundred dollars each, alleged to have been made and executed by all the defendants.    To this complaint answers were filed by all the defendants.    The defendants J. E. Cyrus and W. Pitchford, respondents herein, answered separately, denying the allegations of the complaint, and for an affirmative defense alleged—*first,* a material alteration of the note; and, *second,* a general assignment for the benefit of creditors made by them after the execution of the note,

which assignment was still pending and undetermined. To this answer a demurrer was filed, which being overruled, the case was 'at·the March term, 1892, dismissed as to them, supposably upon the ground that the assignments pending constituted a defense, either in bar or in abatement of the action, and the cause was continued as to the other defendants.    At the next succeeding term of the court, while the action was still pending and undetermined, and before this appeal was taken, application was made by Cyrus & Pitchford to file an amended answer to plaintiff's complaint, which, after due consideration, was allowed, and sixty days' time given them in which to file such answer, and the cause continued until the next term of the court.   The record of the order allowing this amended answer to be filed, recites that plaintiff appeared at the hearing of the application by his counsel, although there are some affidavits on file in this court which indicate that plaintiff did not appear at the time, and was not so represented either in person or by counsel; but we conceive the record to be conclusive on that point so far as the case here is concerned.   In this condition of the record plaintiff appealed to this court from the order made at the March term, 1892, overruling his demurrer to the separate answer of Cyrus & Pitchford, and dismissing the action as to them.

1. For respondents it is contended that the order or judgment of dismissal ceased to be an appealable order after their application for leave to file an amended answer had been granted, and therefore the appeal in this case was prematurely taken; and in this view we concur.   An order to be appealable must be one affecting a substantial right of the appellant, and which in effect determines the action or suit, so as to prevent a judgment or decree therein. Hill's Code, § 535.   Under the record in this case, what substantial right of the appellant is affected by the order of dismissal made at the March term?   The only injurious effect of this order was to prevent a trial upon the merits and prevent plaintiff from proceeding to final judgment.

This effect was entirely annulled by the subsequent voluntary appearance of the defendants, with the knowledge of plaintiff, while the action was still pending and undisposed of as to the other defendants, and submitting themselves again to the jurisdiction of the court by asking and obtaining leave to file an answer to the complaint. By so doing they reïnstated the action against themselves, and thereafter it could proceed as if no order of dismissal had ever been made. Nor is the question of the power of the court to vacate and annul the order of dismissal made at the preceding term material in this case, for there is no rule of which we are aware that prevents a party in whose favor a ruling has been made during the progress of a cause, from waiving the benefit of such ruling, with the consent of the court, so long as the original action is pending and undetermined; and this is what defendants did when they obtained leave to file an amended answer to the complaint.

2. But it is said that they have not complied with the order, and did not file the answer within the time allowed. If this is the case, it did not revive the original order of dismissal in their favor, for by their voluntary appearance they waived any benefit from that order, and afterwards could not be heard to say that the action was not pending against them. If the answer was not filed within the time allowed, plaintiff's remedy was an application to the court below for judgment for want of an answer, and not by an appeal to this court.

We think, therefore, this appeal is prematurely brought, and must be dismissed.